UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH ELLIS,

    Plaintiff,

        v.    CAUSE NO. 3:25-CV-349-JD-APR

MICHAEL BURKE and ELLIS,

    Defendants.

OPINION AND ORDER

Keith Ellis, a prisoner without a lawyer, filed a complaint alleging Sergeant Michael Burke used excessive force against him at Westville Correctional Facility, and then Nurse Ellis denied him medical care. ECF 1. After he filed his complaint, he was ordered to show cause why the initial partial filing fee was not paid. ECF 20. Ellis responded to the order and paid the initial partial filing fee. ECF 21, ECF 22. The court will grant his motion to proceed and screen the case. ECF 23.

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Ellis alleges that he was talking to Sergeant Burke about his tablet being broken and his difficulties in getting an officer to do an inventory slip on his property.[1] Ellis asked if Sergeant Burke could ensure that his tablet get replaced. Ellis says that Burke then became hostile and aggressive, telling him that if he spoke about his tablet again, Sergeant Burke would see to it that Ellis could never speak again. As Ellis put his hands through the cuff port for tray pass, Sergeant Burke allegedly slammed the cuff port door violently on Ellis' hands, causing a fracture, swelling, and bleeding.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat

---

[1] The complaint refers to exhibits, but no exhibits were attached to the complaint.

posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890. Ellis has plausibly alleged an Eighth Amendment claim against Sergeant Burke.

Ellis next alleges that after his hands were injured, Nurse Ellis refused him medical care. Ellis says he showed her his injuries during med pass, and she failed to treat him.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice do not amount to

3

deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Giving Ellis the inferences to which he is entitled at this stage of the proceedings, he will be allowed to proceed against Nurse Ellis for deliberate indifference to his serious medical needs.

For these reasons, the court:

(1) GRANTS the motion to proceed (ECF 23);

(2) GRANTS Keith Ellis leave to proceed against Sergeant Michael Burke in his individual capacity for compensatory and punitive damages for slamming the cuff port door on Ellis's hands, causing injury, in violation of the Eighth Amendment;

(3) GRANTS Keith Ellis leave to proceed against Nurse Ellis in her individual capacity for compensatory and punitive damages for denying him medical treatment for his injured hands in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Michael Burke at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Ellis at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Michael Burke and Nurse Ellis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 24, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT